In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

## NO. 09-18-00322-CV

_____

## IN RE SILSBEE POLICE ASSOCIATION, JOSHUA ALAN LAWRENCE, LASHAWN BRANDI MCBRIDE, STEVEN ROBERT MCBRIDE, ANGELA TERESA ROGERS, JUSTIN LYN ROGERS, AND TAYLOR GARRETT ROGERS

**Original Proceeding**

## MEMORANDUM OPINION

Relators Silsbee Police Association, Joshua Alan Lawrence, Lashawn Brandi McBride, Steven Robert McBride, Angela Teresa Rogers, Justin Lyn Rogers, and Taylor Garrett Rogers filed a petition for writ of mandamus. *See* Tex. Elec. Code Ann. § 273.061 (West 2010); *see also* Tex. R. App. P. 52. Relators ask this Court to compel the respondents, Mayor Jim Willis, City Secretary DeeAnn Zimmerman, the City of Silsbee, and the Silsbee City Council, which consists of Susan Kay Bard, Christopher Barnes, Adalaide Cash Balaban, Thomas Tyler, Gary Strahan, and Mark

1

Muckleroy, to immediately perform their respective ministerial duties as required by the Charter of the City of Silsbee, by placing relators' proposed charter amendment on the Texas uniform election date ballot for the November 6, 2018, Texas uniform election date.

The charter for the City of Silsbee allows its charter to be amended in the manner provided by Chapter 9 of the Texas Local Government Code. *See* Silsbee, Tex. Charter, art. XII, Sec. 12.13 (2018) (available online at https://library.municode.com/tx/Silsbee/codes/code_of_ordinances). Section 9.004 of the Local Government Code requires the governing body of a municipality to

> submit a proposed charter amendment to the voters for their approval at an election if the submission is supported by a petition signed by a number of qualified voters of the municipality equal to at least five percent of the number of qualified voters of the municipality or 20,000, whichever number is the smaller.

Tex. Loc. Gov't Code Ann. § 9.004(a) (West 2008). Relators assert they satisfied the requisites for including a charter amendment by submitting a petition signed by at least five percent of the registered voters of the municipality. Although the proposed charter amendment was on the agenda for the August 20, 2018, meeting of the Silsbee City Council, the members of the City Council voted to exclude the proposed charter amendment from the November 6, 2018, Texas uniform election date.

The respondents filed a response but did not controvert the accuracy and authenticity of the affidavit and attached documents filed in the appendix to relators' mandamus petition, nor have they controverted the factual assertions that relators complied with the requisites for having the proposed Charter amendment submitted to the voters. Instead, the City asserted that the petition for writ of mandamus was filed too late for effective compliance, and this Court could not order the requested relief.

Section 9.004(b) of the Local Government Code states: "[t]he ordinance ordering the election shall provide for the election to be held on the first authorized uniform election date prescribed by the Election Code[.]" *Id.* § 9.004(b). Section 3.005(c) of the Election Code provides that "[f]or an election to be held on a uniform election date, the election shall be ordered not later than the 78th day before election day." Tex. Elec. Code Ann. § 3.005(c) (West Supp. 2017). Relators filed the Original Emergency Petition for Writ of Mandamus with this Court on August 23, 2018, only 75 days before the uniform election date. Thus, regardless of the merits of relators' claims, this Court may not grant the requested relief because the time has passed for ordering the proposed charter amendment to be placed on the November 6, 2018, ballot. *See id.* Accordingly, we deny the petition for writ of mandamus.

PETITION DENIED.


                                              PER CURIAM


Submitted on September 4, 2018
Opinion Delivered September 5, 2018

Before McKeithen, C.J., Kreger and Horton, JJ.